**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARGARE HERNANDEZ BLANCO,

                            Petitioner,

    v.

KRISTI NOEM, Secretary of the
Department of Homeland Security,
PAMELA JO BONDI, Attorney General,
TODD M. LYONS, Acting Director,
Immigration and Customs Enforcement,
JESUS ROCHA, Acting Field Office
Director, San Diego Field Office,
CHRISTOPHER LAROSE, Warden at
Otay Mesa Detention Center,

                            Respondents.

Case No.:  26cv0425 DMS JLB

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a response to the Petition, and Petitioner filed traverse. After considering the parties' briefs, the relevant legal authority and the record, the Court grants the Petition.

Petitioner Margare Hernandez Blanco is a citizen of Cuba who entered the United States in April 2019. (Pet. at 2.) After being detained by border patrol officials, she filed an application for asylum, withholding of removal, and protection under the United Nations

1

Convention Against Torture. (Return at 1.) Her applications were denied, and on January 21, 2020, Petitioner was ordered removed to Cuba. (*Id.*) That removal order became final on July 16, 2020, after Petitioner's appeal to the Board of Immigration Appeals was dismissed. (*Id.*) Immigration officials then attempted to remove Petitioner back to Cuba, but those efforts were unsuccessful. (*Id.*) Petitioner was then released on an order of supervision. (*Id.*)

Since her release, Petitioner complied has complied with her order of supervision. (Pet. at 2.) She integrated into society, married a United States citizen, and helps raise her stepson. (*Id.*) Despite her history of compliance, Immigration and Customs Enforcement ("ICE") re-detained Petitioner at her immigration check-in appointment on January 9, 2026. (Return at 1.) There is no dispute ICE did not provide Petitioner with a written notice of revocation or an informal interview. (*Id.*) Although Petitioner was detained in Florida, she was transferred to Otay Mesa Detention Center, where she remains in custody. (Pet. at 3.)

Since Petitioner's re-detention, Enforcement and Removal Operations ("ERO") has "worked diligently" to execute Petitioner's removal. (Decl. of Martin Parsons in Supp. of Return ("Parsons Decl.") ¶ 9.) On January 11, 2026, ICE informed Petitioner that it intended to remove her to Mexico. (*Id.*) ICE later transported Petitioner to the San Ysidro Port of Entry for her removal, but she failed to comply. (*Id.* ¶ 10.)[1] As of the filing of the Return on February 2, 2026, "ICE may identify alternative third countries that may be willing to accept Petitioner for removal." (*Id.* ¶ 11.)

On January 23, 2026, Petitioner filed the present case seeking release from custody, among other things. Petitioner raises two claims. First, she argues her re-detention violated the applicable regulations. Second, Petitioner asserts her continued re-detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 U.S.C. ¶ 1231. Respondents do not dispute

---

[1] According to the record, Mexico will only accept persons for removal from the United States if they voluntarily agree to removal there. (Pet. at 3.)

26cv0425 DMS JLB

they violated the applicable regulations in re-detaining Petitioner, but contend even if there was a regulatory violation, Petitioner was not prejudiced and any noncompliance would not amount to a violation of Petitioner's constitutional rights. Respondents also argue it would be "premature to conclude that there is no significant likelihood of removal in the reasonably foreseeable future before permitting ICE an opportunity to complete the diligent steps it has taken to effect Petitioner's removal." (Return at 4.)[2]

In *RK v. Casey*, Case No. 25cv1926, ECF No. 33, this Court addressed a *Zadvydas* claim similar to the one presented here involving the re-detention of a noncitizen. Specifically, the petitioner in that case, like Petitioner here, was unable to be removed to his country of origin, and Respondents did not have a third country willing to accept the petitioner. Respondents simply stated their efforts to remove the petitioner "remain[ed] pending." *Id.* at 2. Respondents' argument here is even less convincing than their argument in *RK*: They simply state "ICE may identify alternative third countries that may be willing to accept Petitioner for removal." (Parsons Decl. ¶ 11.) But just as in *RK*, this evidence does not satisfy Respondents' burden to show there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future. Petitioner's detention is therefore unlawful, and she must be released.[3] *See also Reinoso Martinez v. Noem*, Case No. 26cv0138 DMS SBC, ECF No. 7 (granting petition where there was no significant likelihood petitioner would be removed, either to Cuba or a third country, in the reasonably foreseeable future).

///

---

[2] Respondents also argue that "[t]o the extent Petitioner is challenging ICE's decision to detain her for the purpose of removal, such a challenge is precluded by" 8 U.S.C. § 1252(g). (Return at 6.) The Court has considered and rejected this argument in numerous previous cases, and does so again here.

[3] Because there is no significant likelihood Petitioner will be removed to a third country in the reasonably foreseeable future, the Court declines to address Petitioner's request for an injunction prohibiting any "surprise removals." (Pet. at 15.) The Court notes, however, that any kind of "surprise removal" like the one Petitioner fears would likely "'present due process issues.'" *Azzo v. Noem*, No. 3:25-cv-03122-RBM-BJW, 2025 WL 3535208, at *8 (S.D. Cal. Dec. 10, 2025) (quoting *Esmail v. Noem*, No. 25-cv-08325-WLH-RAO, 2025 WL 3030589, at *6-7 (C.D. Cal. Sept. 26, 2025)).

26cv0425 DMS JLB

In accordance with this Order, the parties are ordered to file a Joint Status Report on or before **March 2, 2026**, confirming Petitioner has been released.

**IT IS SO ORDERED**.

Dated:  February 23, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv0425 DMS JLB